REILLY, P.J.[1]
¶ 1 Erik J. Wille appeals his conviction for operating a motor vehicle while under the influence of an intoxicant (OWI) and operating a motor vehicle with a prohibited alcohol concentration (PAC).[2] Wille argues that City of West Bend police officer Timothy Behagen did not have reasonable suspicion to stop his vehicle in the drive-thru lane of Wendy's restaurant following a report from the manager of Wendy's that Wille and his passenger had open beers in their vehicle. As reasonable suspicion existed, we affirm.
¶ 2 On November 10, 2016, at approximately 7:55 p.m., the City of West Bend Police Department received a call from the manager at Wendy's that a vehicle with open beers was in the Wendy's drive-thru.[3] The manager provided her name and telephone number along with a description of Wille's vehicle and license plate number. Behagen promptly responded and observed Wille's vehicle still in the drive-thru lane. Behagen stopped Wille's vehicle.
¶ 3 Wille was ultimately issued citations for OWI and PAC. Wille moved to suppress the evidence obtained from Behagen's stop on the grounds that Behagen had nothing more than an unparticularized hunch that Wille had open intoxicants in his car. Wille also argued that the City did not produce the citizen informant (the Wendy's manager) at the suppression hearing; did not provide testimony as to the location of the beer cans; did not provide testimony as to whether Wille or his passenger were drinking from the beer cans; and did not provide testimony as to whether the beer cans were full, partially full, or empty.
¶ 4 Reasonable suspicion to make an investigatory stop exists when a police officer is able to point to "specific and articulable facts which, taken together with rational inferences from those facts, objectively warrant a reasonable person with the knowledge and experience of the officer to believe that criminal activity is afoot." State v. Rutzinski , 2001 WI 22, ¶ 14, 241 Wis. 2d 729, 623 N.W.2d 516 (citing Terry v. Ohio , 392 U.S. 1, 21-22, 27 (1968) ). Reasonable suspicion is based on "the content of information possessed by police and its degree of reliability," which we review both-"quantity and quality"-in light of the totality of the circumstances. State v. Williams , 2001 WI 21, ¶ 22, 241 Wis. 2d 631, 623 N.W.2d 106 (citation omitted). We review a decision on a motion to suppress as a question of constitutional fact: the circuit court's findings of facts are upheld unless clearly erroneous while the application of constitutional principles to those findings are reviewed de novo. State v. Parisi , 2016 WI 10, ¶26, 367 Wis. 2d 1, 875 N.W.2d 619.
¶ 5 Behagen suspected Wille of violating WIS. STAT. § 346.935,[4] which prohibits open intoxicants in a motor vehicle.[5] Willie claims that the manager did not provide police any information as to where the open beer cans were located, whether the occupants were drinking from the cans or whether the cans were empty or partially full. Wille's questions are immaterial as § 346.935(3) prohibits "keep[ing] ... any bottle or receptacle containing alcohol beverages or nitrous oxide if the bottle or receptacle has been opened." The manager saw open beers-one between the legs of the passenger and one in the cupholder.
¶ 6 Regarding Wille's challenge to the source of Behagen's knowledge, we look to an informant's veracity and basis of knowledge to determine the authority of police to rely upon an informant's information. Rutzinski , 241 Wis. 2d 729, ¶¶ 17-18. Police may rely on an informant's tip in conducting investigative stops as long as the tip exhibits "reasonable indicia of reliability." Id. Wendy's manager easily passes the test of reliability as she gave her name, telephone number,[6] and a detailed description of Wille's vehicle, including its license plate number and location. The manager gave information that abolished her anonymity and provided information that was independently verified by the police: the vehicle color and make, the license plate, and the location at the Wendy's drive-thru. Behagen arrived within three minutes, and Wille's vehicle was where the manager indicated it would be and it matched all information given. See State v. Richardson , 156 Wis. 2d 128, 142, 456 N.W.2d 830 (1990) ("[W]hen significant aspects of an anonymous tip are independently corroborated by the police, the inference arises that the anonymous informant is telling the truth about the allegations of criminal activity."). There is no requirement that a proponent must call an informant at a suppression hearing to prove up veracity.
¶ 7 As Behagen had a particularized and objective basis for suspecting that Wille had open intoxicants in his vehicle, the circuit court correctly denied Wille's motion to suppress. Wille's conviction is affirmed.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Willie was found guilty of both OWI and PAC. It is not clear from the record to which conviction the penalty was applied. See Wis. Stat. § 346.63(7)(b).

The manager later told police that "she looked into the vehicle, she could see the male passenger had a beer in between his legs and there was another beer in the front cup holder of the vehicle."

Wisconsin Stat. § 346.935 provides in relevant part:
(1) No person may drink alcohol beverages or inhale nitrous oxide while he or she is in any motor vehicle when the vehicle is upon a highway.
(2) No person may possess on his or her person, in a privately owned motor vehicle upon a public highway, any bottle or receptacle containing alcohol beverages or nitrous oxide if the bottle or receptacle has been opened, the seal has been broken or the contents of the bottle or receptacle have been partially removed or released.
(3) The owner of a privately owned motor vehicle, or the driver of the vehicle if the owner is not present in the vehicle, shall not keep, or allow to be kept in the motor vehicle when it is upon a highway any bottle or receptacle containing alcohol beverages or nitrous oxide if the bottle or receptacle has been opened, the seal has been broken or the contents of the bottle or receptacle have been partially removed or released. This subsection does not apply if the bottle or receptacle is kept in the trunk of the vehicle or, if the vehicle has no trunk, in some other area of the vehicle not normally occupied by the driver or passengers. A utility compartment or glove compartment is considered to be within the area normally occupied by the driver and passengers.

Wille argues, and the State agrees, that the Wendy's drive-thru is not a public highway as required in the statute. We note, however, that reasonable suspicion may arise if a traffic violation "has occurred ... or have grounds to reasonably suspect a violation has been or will be committed." See State v. Popke , 2009 WI 37, ¶ 11, 317 Wis. 2d 118, 765 N.W.2d 569 (citation omitted). Wille needed to drive on a public highway to get to Wendy's, and he would have driven on a public highway to leave Wendy's.

In State v. Sisk , 2001 WI App 182, ¶¶ 8-11, 247 Wis. 2d 443, 634 N.W.2d 877, we concluded that if a caller provides self-identifying information that risks his or her anonymity, the caller is no longer considered anonymous. "If 'an informant places his [or her] anonymity at risk, a court can consider this factor in weighing the reliability of the tip.' " Id. , ¶ 9 (alteration in original; citation omitted). "Further, when a caller gives his or her name, police need not verify the caller's identity before acting on the tip." Id.